ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of - | ) |
| | ) |
| Paragon Defense Solutions, Inc. | ) ASBCA Nos. 64168, 64308, 64310 |
| | )           64297, 64173 |
| | ) |
| Under Contract Nos. SPE7M2-23-P-1048 | ) |
|                SPE7M4-22-P-3476 | ) |
|                SPE7M2-23-P-0321 | ) |
|                SPE7M1-21-D-5005 | ) |
|                SPE7L1-23-C-0011 | ) |

APPEARANCE FOR THE APPELLANT:     Mr. Weiwei Jian
                                                 President

APPEARANCES FOR THE GOVERNMENT:     Steven M. Sosko, Esq.
                                               DLA Chief Trial Attorney
                                             John J. Pritchard, Esq.
                                               Julie K. Phillips, Esq.
                                                 Adam J. Heer, Esq.
                                               Andrew Demosthenous, Esq.
                                               Trial Attorneys
                                               DLA Land and Maritime
                                             Columbus, OH

OPINION BY ADMINISTRATIVE JUDGE EYESTER
ON APPELLANT'S MOTIONS FOR RECONSIDERATION

Appellant Paragon Defense Solutions, Inc. (Paragon) requests reconsideration of the following Board decisions denying its appeals: ASBCA Nos. 64168, 64308, 64310, 64297, and 64173.[1] The Defense Logistics Agency (DLA) submitted a response to Paragon's motions, and the time has elapsed for Paragon to file a reply. We note that Paragon pursued these appeals pursuant to Board Rule 12.2, Small Claims (Expedited) Procedure. As such, the decisions have no precedential value, and while Paragon may request reconsideration (*see* Board Rule 12.4), in the absence of

---

[1] *Paragon Def. Sols., Inc.*, ASBCA No. 64168, 25-1 BCA ¶ 38,900; *Paragon Def. Sols., Inc.*, ASBCA No. 64308, 26-1 BCA ¶ 38,949; *Paragon Def. Sols., Inc.*, ASBCA No. 64310, 26-1 BCA ¶ 38,954; *Paragon Def. Sols., Inc.*, ASBCA No. 64297, 26-1 BCA ¶ 38,947; and *Paragon Def. Sols., Inc.*, ASBCA No. 64173, 25-1 BCA ¶ 38,912.

fraud, each is final and conclusive and may not be appealed or set aside. 41 U.S.C. § 7106(b)(4)-(5).[2]  Based on the following, we deny the motions.

<u>DECISION</u>

A party moving for reconsideration "must demonstrate a compelling reason for the Board to modify its decision." *Golden Build Co.*, ASBCA No. 62294, 20-1 BCA ¶ 37,742 at 183,161 (quoting *Bruce E. Zoeller*, ASBCA No. 56578, 14-1 BCA ¶ 35,803 at 75,103).  Specifically, we will grant a motion to reconsider if a party: (1) demonstrates we made a genuine oversight that affects the outcome, or (2) presents newly discovered evidence that could not have been discovered by due diligence prior to the issuance of the challenged decision. *Restoration Specialists, LLC*, ASBCA No. 63284, 24-1 BCA ¶ 38,503 at 187,139.  "[I]f we have made a genuine oversight that affects the outcome of the appeal, we will remedy it." *Relyant, LLC*, ASBCA No. 59809, 18-1 BCA ¶ 37,146 at 180,841.  Accordingly, a motion to reconsider is not an invitation for a party to reargue issues that were previously raised and decided, get a "second bite at the apple," or advance arguments it could have previously raised but failed to do so. *Dixon v. Shinseki*, 741 F.3d 1367, 1378 (Fed. Cir. 2014); *Restoration Specialists*, 24-1 BCA ¶ 38,503 at 187,139.

While familiarity with the facts of each decision is presumed, we provide a brief discussion of the appeals as they relate to the motions.  The following appeals involve requests for quotations issued pursuant to Federal Acquisition Regulation (FAR) part 13.

In ASBCA No. 64168, we concluded that Paragon failed to provide conforming items, DLA never accepted the items, and the purchase order lapsed. *Paragon Def. Sols., Inc.*, 25-1 BCA ¶ 38,900 at 189,360.  Paragon's main argument in the appeal was that DLA waived its right to reject the nonconforming items because it took 28 months to notify Paragon of the issues, and therefore DLA constructively accepted them. *Id.*  We concluded DLA never accepted the items, either impliedly or constructively. *Id.* at 189,361.  In its motion for reconsideration, Paragon reargues that the delay in notifying Paragon of the defects was an implied acceptance or waiver of any rejection rights (app. mot. at 2-4).  Paragon also makes somewhat new arguments--that DLA owed an implied duty not to hinder and cooperate in performance, that DLA's conduct materially contributed to the nonconformance of the items, or, in the alternative, that there was disproportionate forfeiture (*id.* at 2).  Paragon could have made these arguments in its prior briefs and failed to do so, although we do note these arguments generally relate to the argument that DLA delayed in notifying Paragon of the defects, which we addressed in the decision.

---

[2] This reconsideration opinion is likewise of no precedential value, nor may it be appealed or set aside, in the absence of fraud.

2

In ASBCA No. 64308, we concluded that Paragon failed to deliver per the terms of the order, DLA never waived the delivery date, and there was no substantial performance. *Paragon Def. Sols., Inc.*, 26-1 BCA ¶ 38,949 at 189,583. As such, DLA's offer lapsed. *Id.* In its motion for reconsideration, Paragon continues to reargue its prior position (e.g., substantial performance) (app. mot. at 1-3). Paragon also re-argues that the offer lapsed not because Paragon failed to deliver on time, but due to DLA's actions, some of which were a "pretext" (*id.* at 2-3). We addressed these arguments. *See Paragon Def. Sols., Inc.*, 26-1 BCA ¶ 38,949 at 189,583. Paragon continues to ignore the facts and law, namely that it failed to deliver by the due date, and the offer lapsed.

In ASBCA No. 64310, we concluded that Paragon never accepted the purchase order because it submitted a counter-offer to use a noncompliant manufacturer, and DLA rejected the counteroffer and then canceled the offer. *Paragon Def. Sols., Inc.*, 26-1 BCA ¶ 38,954 at 189,631. As such, we denied the appeal, in which Paragon sought lost profits. *Id.* at 189,630-31. In its motion for reconsideration, Paragon argues, as in its initial briefs, that it performed and that a contract had formed, and that DLA accepted Paragon's offer the minute it was submitted with the noncompliant manufacturer (app. mot. at 1-3). As noted, we addressed these issues. *Paragon Def. Sols., Inc.*, 26-1 BCA ¶ 38,954 at 189,630-31. Paragon also argues that since FAR 52.215-8 is a contract clause, upon which the Board's decision relies, this *ipso facto* means a contract was formed as such a clause cannot be used in a purchase order (app. mot. at 2-3). Paragon could have made this argument in its initial briefs upon reviewing the purchase order, but failed to do so. Regardless, Paragon fails to explain how this clause overrides the fact that Paragon never signed the purchase order and that the order included FAR 52.213-4, TERMS AND CONDITIONS-SIMPLIFIED ACQUISITIONS (OTHER THAN COMMERCIAL PRODUCTS AND COMMERCIAL SERVICES). *See Paragon Def. Sols., Inc.*, 26-1 BCA ¶ 38,954 at 189,630. Paragon also does not dispute, again, the fact it intended to use a manufacturer that did not meet the purchase order's mandatory requirements for export controls of technical data.

Two Board decisions concerned terminations. In ASBCA No. 64297, we concluded that Paragon failed to meet the delivery date, and DLA never modified the delivery date. *Paragon Def. Sols., Inc.*, 26-1 BCA ¶ 38,947 at 189,578. As the failure was not excusable, DLA had the right to terminate for default. *Id.* In its motion for reconsideration, Paragon argues the cause of the delay was due to the government's failure to update Paragon's SAM.gov with its new warehouse location, that Paragon possessed the items at its new warehouse since September 2021, and the government's termination was a pretext (app. mot. at 2-4). These are not new arguments. *See Paragon Def. Sols., Inc.*, 26-1 BCA ¶ 38,947 at 189,578. And while Paragon takes issue with our findings of facts with respect to DLA's email regarding "Government

3

error and delay" (app. mot. at 2), we explain once again the email states that *if* the original warehouse location (i.e., the inspection/acceptance point) was still correct, then DLA would issue modifications due to the government error and delay; the email did not say that the government caused any issues with a SAM.gov change to a different warehouse. Further, we note that DLA's response to the motion for reconsideration asserts that Paragon did not present any new information nor demonstrate "any mistake in the Board's findings of fact" (hence, the DLA email) (gov't resp. at 1).

In ASBCA No. 64173, we concluded that DLA's termination for default was proper because Paragon failed to provide the towbars by the due date and failed to provide a firm date by which it could provide the towbars in its response to a show cause letter. *Paragon Def. Sols., Inc.*, 25-1 BCA ¶ 38,912 at 189,411-12. Paragon had argued that DLA waived the delivery dates by accepting late deliveries, but the Board concluded there was no affirmative government conduct evidencing waiver. *Id.* at 189,410-11. Further, Paragon argued that DLA acted in bad faith, retaliated against Paragon, breached its duty of fairness, and that the termination was arbitrary capricious, and an abuse of discretion and procedurally defective. *Id.* at 189,411-12. We found these arguments to have no merit. *Id.* Paragon sought reimbursement for money paid after DLA issued a show cause letter, which stated that Paragon was not to initiate any further shipments. *Id.* at 189,411. According to the facts, Paragon understood DLA had the right to terminate for default and that it made the payments for which it sought reimbursement at its own risk. *Id.* at 189,411-12.

In its motion for reconsideration, Paragon continues to argue DLA waived the delivery schedule and acted in a retaliatory, coercive, and baseless manner (app. mot. at 2-3). Paragon argues the Board failed to analyze the alleged procedural violations, and then relitigates the issues (*id.* at 3-5). As set forth above, Paragon previously made these arguments, which the Board addressed in its decision. *Paragon Def. Sols., Inc.*, 25-1 BCA ¶ 38,912 at 189,411-12.

Paragon also argues the Board faulted it for failing to *timely* notify DLA about the causes of the delay (app. mot. at 5-6). To the contrary, the decision states that Paragon's response to DLA's show cause letter included a summary explanation that there were supply chain issues and failed to include a statement from its manufacturer regarding these issues; there seemed to be payment issues between Paragon and its manufacturer; Paragon was able to provide some shipments to DLA despite the alleged supply chain and the DX rating issues; the information relating to the alleged supply chain and DX rating issues only came to light after DLA issued the show cause letter; and generally, material shortages do not *per se* relieve a contractor of its contractual obligations. *Paragon Def. Sols., Inc.*, 25-1 BCA ¶ 38,912 at 189,411-12 (citing *Eppco Metals Corp.*, ASBCA No. 38305, 90-1 BCA ¶22,349 at 112,304; *Precision*

4

*Standard, Inc.*, ASBCA No. 44357, 96-2 BCA ¶8,461 at 142,155.  Ultimately, Paragon failed to demonstrate excusable delay.

In sum, Paragon contends that each of our decisions is erroneous.  However, in its motions for reconsideration, Paragon failed to show the Board made a genuine oversight that affected the decision's outcome, or failed to present newly discovered evidence.[3]  Rather, as summarized above, Paragon simply reasserts arguments already addressed by the Board in an attempt to get a second bite at the apple.  Further, any new arguments made could have been made in the initial filings.  In any event, we have again thoroughly considered all of Paragon's arguments and do not find any of them compelling.

CONCLUSION

Paragon's motions are denied.

Dated:  March 5, 2026

LAURA EYESTER
Administrative Judge
Armed Services Board
of Contract Appeals

---

[3] Paragon argues in several of its motions that the Board cursorily addressed some of its arguments.  *See e.g.*, App. mot. at 3 (ASBCA No. 64308) (arguing Board dismissed its argument, without any analysis, that the reason the offer lapsed was a "pretext" by DLA).  Board Rule 12.2(c) explains that decisions processed under the expedited procedures "will be short" and contain "only summary findings of fact and conclusions."  Regardless, the Board considered all of the numerous arguments made and addressed most of them in these appeals.  For example, in ASBCA No. 64308, we found no "pretext" by DLA because we concluded the offer lapsed by its own terms due to Paragon's failure to meet the delivery date.  *Paragon Def. Sols., Inc.*, 26-1 BCA ¶ 38,949 at 189,583.

5

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 64168, 64308, 64310, 64297, 64173, Appeals of Paragon Defense Solutions Inc., rendered in conformance with the Board's Charter.

Dated: March 5, 2026

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals